

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 27, 1974

The Honorable Dolph Briscoe
Governor of the State of Texas
Capitol Building
Austin, Texas 78711

Opinion No. H- 486

Re: Reporting requirements
of contributions to the
Inaugural Committee

Dear Governor Briscoe:

You have asked whether the provisions of the Lobby Act of 1973, article 6252-9c, V. T. C. S., or the Campaign Reporting and Disclosure Act of 1973, Chapter 14 of the Election Code, apply to contributions to the Austin Inaugural Committee made by corporations or individuals.

You explain that contributions will be used to defray expenses of the Inauguration of the Governor and Lieutenant Governor, neither of whom will be allowed to utilize any of the funds for their private or political benefit.

This office considered the same question with regard to contributions made to defray expenses of the Southern Governors' Conference in Attorney General Opinion H-252 (1974). We there stated that:

> We do not believe that a contribution by an
> individual or corporation to defray the expense
> of the Conference is subject to the campaign
> reporting provisions of Chapter 14 of the Election
> Code. Those provisions control contributions that
> are made in opposition to or on behalf of a nominee,
> candidate or measure at a public election. The
> Southern Governors' Conference is certainly not
> a public election nor, in our opinion, would
> your participation be considered part of a cam-
> paign for public office.

p. 2205

Contributions to the Austin Inaugural Committee similarly are not made in opposition to or on behalf of a nominee, candidate or measure at a public election. We also do not believe that the Inauguration is part of a campaign for public office. Websters New International Dictionary, 2d Ed. defines "campaign" in connection with politics as:

> . . . an organized series of operations or a systematic effort to influence voters, etc., carried on before an election or the like . . .

In our opinion, the Inauguration is not within the definition of "campaign." Therefore, contributions made to the Austin Inaugural Committee are not subject to the reporting provisions of Chapter 14 of the Election Code.

It is also our opinion that individuals and corporations contributing to the Austin Inaugural Committee do not have to register as lobbyists or report their contributions under article 6252-9c, V. T. C. S., the Lobby Act, so long as the contribution is not made "to influence legislation." As we stated in Attorney General Opinion H-252 (1974),

> . . . Legislation is defined by the Act to mean 'a bill, resolution, amendment, nomination, or other matter pending in either house of the legislature; any other matter which may be the subject of action by either house , . . . or any matter pending in or which may be the subject of action by a constitutional convention.' Article 6252-9c, § 2(2).

> The Lobby Act, as a penal statute, is carefully drafted to reach only those persons who make contributions or expenditures for 'communicating directly' with one or more members of the Legislative or Executive branches to influence legislation. Section 1 states the policy of the Lobby Act to be the public disclosure of activities and expenditures made to urge 'specific actions' with respect to legislation.

## SUMMARY

Contributions made by corporations or individuals to the Austin Inaugural Committee are not subject to the campaign reporting provisions of Chapter 14 of the Election Code, nor are the persons or corporations who make them subject to the Lobby Act, article 6252-9c, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee